IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAMSEY NOLAN BUSH #343-136
    Petitioner                               :

          v.                     :      CIVIL ACTION NO. PWG-13-1262

BOBBY P. SHEARIN, et al.,         :
    Respondents

## MEMORANDUM OPINION

On April 29, 2013, the Clerk received a petition for habeas corpus, dated April 24, 2013, from self-represented Maryland prisoner Ramsey Nolan Bush ("Bush").[1] ECF No. 1.[2] Respondents have filed a limited answer, arguing that the petition is untimely (ECF No. 5). Bush has replied (ECF Nos. 7 & 8), and respondents have filed a supplement to their answer. ECF No. 12. After review of the documents, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons to follow, the petition will be denied and dismissed with prejudice.

### Procedural History

On February 12-15, 2007, Bush was tried by a jury sitting in the Circuit Court for Prince George's County, Maryland, on charges of first-degree murder and related offenses. ECF No. 5-1, pp. 3–6; ECF No. 5-2, p. 1. Bush was convicted of first-degree murder and a handgun offense (ECF No. 5-1, p. 6), and on April 13, 2007, was sentenced to life imprisonment plus a consecutive 20 years of incarceration. ECF No. 5-1, p. 7; ECF No. 5-2, p. 1. Bush filed a motion for modification of sentence on May 14, 2007. Docket entries do not show a ruling on

---

[1] The petition is deemed filed on the date it was signed, April 24, 2013. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

[2] Pagination in this Memorandum reflects the numbering assigned within the court's electronic docketing system.

the motion, which has been rendered null. *See* Md. Rule 4-345 (e)(1)(B) (court may not revise a sentence after expiration of five years from the date sentence was imposed).

Bush's judgment of conviction was affirmed on direct appeal by the Court of Special Appeals of Maryland. On December 30, 2008, the Court of Appeals of Maryland declined Bush's request for further review. *See* Exhibits 2-3. Bush did not seek further review in the Supreme Court, and therefore, his judgment became final for direct appeal purposes on March 30, 2009. *See* Sup. Ct. Rule 13. 1 (requiring petition for a writ of certiorari to be filed within 90 days of the judgment from which review is sought).

On April 30, 2010, Bush filed a petition for post-conviction relief in the Circuit Court for Prince George's County. ECF No. 5-1, p. 9. By opinion and order filed on December 1, 2011, the Circuit Court granted Bush the right to file a belated application for review of sentence by a three-judge panel,[3] but otherwise denied post-conviction relief. *Id.* at 11. Bush filed an application for leave to appeal the adverse rulings of the post-conviction court, which was denied summarily by the Court of Special Appeals in an unreported opinion filed on December 19, 2012.[4]

Respondents argue that Bush's § 2254 Motion is time-barred because the one-year statute of limitations set forth in 28 U.S.C § 2244(d) started to run on March 30, 2009, and expired one year later, on March 30, 2010. Bush cites *Wall v Kholi*, 562 U.S. 545 (2011), and argues that his

---

[3] The application for review of sentence by a three-judge panel was denied on May 9, 2012. ECF No. 5-1, pp. 12-13.

[4] The court's mandate issued on January 22, 2013. ECF No. 5-1, p. 13.

2

petition is not time-barred, because the motion for modification of sentence filed in 2007 served to toll the limitations period.[5]

## Analysis

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C.§ 2244(d)(2);[6] *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Bush claims that his motion for modification of sentence constitutes a properly filed post-conviction proceeding that tolled the limitations period under 28 U.S.C. § 2244(d)(1)(A).

---

[5] Bush states no basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *see also Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (equitable tolling limited to the extraordinary circumstance). Accordingly, the time-bar analysis is limited solely to the applicability of statutory tolling of the limitations period.

[6] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In *Wall v Kholi*, 562 U.S. 545 (2011), the Supreme Court considered whether a motion to reduce sentence under Rhode Island law tolled the limitations period set forth under 28 U.S.C. § 2244(d)(1)(A) for the purpose of constituting "post-conviction or other collateral review with respect to the pertinent judgment" as stated in 28 U.S.C. § 2244(d)(2). *See Kholi*, 131 S.Ct. at 1281–82. The Court held "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review," *id.* at 1282, and reasoned that "[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas was therefore timely." *Id.*[7]

This court has found the Maryland scheme for filing such motions distinguishable from Rhode Island. Specifically, the court held that a motion for modification did not serve to indefinitely toll the limitations period set forth under 28 U.S.C. §2244(d). *See Tasker v. Maryland*, No. AW-11-1869, 2011 WL 5456448 (D. Md. Nov. 9, 2011), *aff'd* 571 F. App'x 172 (4th Cir. 2013).

Given the aforementioned circumstances, the statute of limitations in 28 U.S.C. § 2244(d) began to run in Bush's case on March 30, 2009, and expired on March 30, 2010. Between March 30, 2009, and March 30, 2010, there were no proceedings in state court that would have tolled the limitations period of § 2244(d). Bush's motion for modification of sentence did not toll the limitations period under § 2244(d). Accordingly, Bush's current federal habeas petition is time-barred under 28 U.S.C. § 2244(d).

---

[7]*Kholi* abrogated *Walkowiak v Haines*, 272 F.3d 234, 237 (4th Cir. 2001), which had instructed that determining collateral review turns on whether the motion is part of the criminal case or is a separate proceeding.

Certificate of Appealability

Under the amendments to Rule 11(a) of the *Rules Governing Habeas Corpus Cases Under Section 2254*, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Bush does not satisfy this standard, and the Court declines to issue a certificate of appealability.[8]

A separate order follows.

02/20/2015
Date

Paul W. Grimm
United States District Judge

---

[8] This does not preclude Bush from seeking a certificate of appealability from the appellate court under Federal Rule of Appellate Procedure 22. *See* Habeas Corpus Rule 11(a).